### T. G. CRUTCHER ET AL. *v.* SHELBY R. R. DISTRICT OF SHELBY COUNTY.

[Abstract Kentucky Law Reporter, Vol. 3—533.]

**Election Precinct.**

Where an order of the court fixed the boundary of a voting precinct in 1855, and such boundary is acquiesced in for many years, it is against public policy to declare the order void because there was no proper petition filed upon which to base the order.

**Boundary Line.**

It is the general rule that when a boundary line is drawn between given points, it is to be a straight line passing from one point to the other by the nearest course.

### APPEAL FROM SHELBY CIRCUIT COURT.

January 7, 1882.

OPINION BY JUDGE LEWIS:

The Shelby County Court, by an order made at its May term, 1855, so changed certain election precincts or districts in that county that, if the new line then established be held to run in a straight course, the present residence and all the farm of appellants except about ten acres are included in District No. One. It is conceded that the order was made without the petition for the change by a majority of the voters of the districts affected by the change, and without the petition therefor of the person who then owned and occupied the farm of appellants.

We do not consider it necessary to decide whether 1 Rev. Stat. (1867), Ch. 32, Art. 2, § 3, under which the order was made, required a majority of the voters of each precinct affected by the change, or merely a majority of the voters to be directly affected thereby, in order to authorize the court to make it. For it would be manifestly improper and against public policy to now declare void the order so long acquiesced in and obeyed by all affected by it, even if made without the petition of the number of voters directed by the statute.

No objection to the order or attempt to vacate it having been made by either appellants or their vendor, but both having submitted to the change made by it and exercised their franchises and rights under it without question or complaint for more than

twenty-five years, they can not now be heard for the first time to object to it. Therefore, the only question necessary to decide is whether the boundary line in dispute shall be run straight or curved so as to exclude appellant from District No. One.

·For the same reasons that make it improper to declare the order of the county court void, appellants are estopped to deny that the true boundary includes them in District No. One. Besides there is nothing in the order itself that indicates an intention on the part of the county court to deviate from or make an exception to the general rule that when a boundary line is drawn between the given points it is to be a straight line passing from one point to the other by the nearest course.

As appellants' right of action rests upon the assumption that the boundary line excludes them from District No. One, it follows the court below did not err in dismissing their petition, and the judgment is therefore *affirmed.*

*John C. Cooper, L. A. Weakley, for appellants.*
*Caldwell & Harwood, for appellee.*